Submitted on record and briefs April 16, motion to supplement the record denied;
affirmed September 30, 1998

In the Matter of the Marriage of

Pamela Jean Haxton SNOW,
*Respondent,*
*and*

Eric Matthew SNOW,
*Appellant.*

(94C-34648; CA A96037)

965 P2d 459

Eric M. Snow filed the briefs *pro se* for appellant.

Richard Alway filed the brief for respondent.

Before Riggs, Presiding Judge pro tempore, and Landau and Wollheim, Judges.

RIGGS, P. J. pro tempore.

.

**RIGGS, P. J. pro tempore.**

Father appeals from the circuit court's dismissal of his motion to modify a judgment of unlimited separation granting mother custody of the parties' minor children. We agree with the trial court that it lacked jurisdiction of the matter because a dissolution proceeding is pending in another state, and we affirm the trial court's ruling.

In June 1994, mother left Oregon and went to Montana for a scheduled visit with her parents, taking with her the parties' two children. She did not return to Oregon. Mother filed a petition for separation from father in Marion County Circuit Court. Father moved to Montana in December 1994. Father appeared in the separation proceeding in Oregon, but later withdrew his appearance. On January 24, 1995, a judgment of separation was entered by default granting mother custody of the parties' children and incorporating a marital settlement agreement setting forth a property division, visitation, child support and spousal support. The judgment provided, in part:

> "Montana is the home state of the children for purposes of the Uniform Child Custody Jurisdiction Act."

At that time, mother and the children had resided in Montana for more than six months.

On July 24, 1995, mother filed a petition for dissolution in Montana. As far as the record shows, that proceeding is pending and has not been stayed. On October 1, 1996, father moved to modify the Oregon separation judgment to seek custody of the children. Father alleged a substantial change in circumstances, specifically sexual molestation and neglect of the children. Mother filed a motion to dismiss the Oregon proceeding pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). At the time of father's motion in the Oregon court, both parents and children lived in Montana, both parents worked in Montana, and the older of the parties' two children was enrolled in a Montana school. In support of his motion, father asserted that the children had been taken from Oregon for the purpose of depriving Oregon of jurisdiction over the parties' custody dispute, thereby

implicating the Parental Kidnaping Prevention Act, 28 USC § 1738A (PKPA). The trial court did not rule on the applicability of the PKPA, but after conferring with the Montana judge before whom the petition for dissolution of the marriage was pending, the trial court held that, pursuant to the UCCJA, the pendency of the Montana dissolution proceeding required dismissal of the Oregon proceeding. Mother filed a request for attorney fees under ORS 109.770(7), which the trial court allowed over father's untimely objection.

ORS 109.770 provides:

"(1)   A court which has jurisdiction under ORS 109.700 to ORS 109.930 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"(2)   A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

"(3)   In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

"(a)   If another state is or recently was the child's home state;

"(b)   If another state has a closer connection with the child and the family of the child or with the child and one or more of the contestants;

"(c)   If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

"(d)   If the parties have agreed on another forum which is no less appropriate; and

"(e)   If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in ORS 109.720 (1) and (2).

"(4)   Before determining whether to decline or retain jurisdiction the court may communicate with a court of

another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

"(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate consent and submission to the jurisdiction of the other forum.

"(6) The court may decline to exercise its jurisdiction under ORS 109.700 to ORS 109.930 if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.

"(7) If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney fees at trial and on appeal, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

"(8) Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.

"(9) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact."

Father first assigns error to the trial court's determination to decline to take jurisdiction to modify custody of the parties' children.[1] He appears to agree that, under the

---

[1] ORS 109.760(1), a part of the UCCJA, provides:

UCCJA, the Montana court has jurisdiction but asserts that the PKPA confers jurisdiction exclusively on the Oregon court regardless of the pending dissolution proceeding in Montana. Because father asserted the applicability of the PKPA in circuit court, we conclude that the circuit court should have inquired into the applicability of the statute. We make that inquiry on our *de novo* review of the record and conclude that the PKPA does not require the relief father requests.

As the Supreme Court said in *Henry and Keppel*, 326 Or 166, 172, 951 P2d 135 (1998), the PKPA was enacted to provide national enforcement of custody orders made in accordance with the terms of the UCCJA. 28 USC § 1738A(c) provides, in part:

> "A child custody determination made by a court of a State is consistent with the provisions of this section only if—
>
> "(1)   such court has jurisdiction under the law of such State; and
>
> "(2)   one of the following conditions is met:
>
> "(A)   such State (i) is the home State of the child on the date of the commencement of the proceeding[.]"

The PKPA provides further, at 28 USC § 1738A(g):

> "A court of a State shall not exercise jurisdiction in any proceeding for custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."

Subsection 1738A(g) is dispositive. In this proceeding, father sought modification of an Oregon custody determination while the dissolution proceeding, also involving custody, was pending in Montana. The Oregon court determined that both

---

"A court of this state shall not exercise its jurisdiction under ORS 109.700 to ORS 109.930 if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with ORS 109.700 to 109.930, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

parties and the children now reside in Montana and that Montana is now the home state of the children. Accordingly, under Montana law, Mont Code Ann, § 40-4-211(1)(a)(i), the Montana court had jurisdiction of the custody determination. Because Montana has jurisdiction under the laws of Montana, and because Montana was the home state of the children at the time this proceeding was commenced, Montana exercised jurisdiction to make a custody determination consistently with the provisions of PKPA. The Oregon court properly held that it should not exercise jurisdiction and properly dismissed this proceeding.

Father assigns error to the award of attorney fees to mother under ORS 109.770(7). We reject that contention without further discussion and also reject without discussion father's remaining assignment of error.

In view of our holdings, we deny mother's motion to supplement the record with a copy of the Montana judgment.

Motion to supplement the record denied; affirmed.